THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Veronica
 Collins, Respondent,
 
 
 

v.

 
 
 
 South Carolina Department
 of Education-Transportation Division and State Accident Fund, Appellants.
 
 
 

Appeal from Charleston County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No.  2012-UP-154
 Heard January 24, 2012  Filed March 7,
2012  

AFFIRMED

 
 
 
 Cynthia Burns Polk, of Columbia, and Margaret
 M. Urbanic, of Charleston, for Appellants.
 Thomas M. White, of Goose Creek, for
 Respondent.
 
 
 

PER CURIAM: In this Workers' Compensation case, Appellants, South
 Carolina Department of Education-Transportation Division (Employer) and State
 Accident Fund (Carrier), seek review of the circuit court's order affirming the
 Workers' Compensation Commission's decision regarding the provision and payment
 of home healthcare services for Respondent Veronica Collins. 
On appeal, Appellants argue
 the circuit court erred in: (1) finding Collins's refusal to enter an assisted
 living facility was not unreasonable; and (2) ordering Appellants to compensate
 Collins's friend and care-provider, Sharon Bryant, $400 per week for providing
 in-home services to Collins. 
1.     Refusal to Enter Assisted
 Living 
Collins suffers from incomplete
 paraplegia and incontinence following work-related spinal trauma and subsequent
 lumbar spine surgery.  On May 25, 2006, May 22, 2007, and July 20, 2007, Dr. Joseph
 Nolan, Collins's primary physician, prescribed 24-hour, home-based care to provide
 Collins assistance with the activities of daily living.  On September 26, 2007,
 Appellants responded by offering to place Collins in an assisted living
 facility.  Collins, who is the sole caregiver for her two minor children,
 refused to enter the facility, testifying that moving would do
 "irreparable damage" to her children and would require her to place
 them in foster care.  Appellants contend it was "unreasonable" for Collins
 to refuse to move into the facility and stated it is Carrier's right to direct
 medical care. 
Appellants are required to
 provide lifetime care for Collins, who is totally and permanently disabled:

 In
 cases in which total and permanent disability results, reasonable
 and necessary nursing services, medicines, prosthetic devices, sick travel,
 medical, hospital, and other treatment or care shall be paid during the life of
 the injured employee, without regard to any limitation in this title including
 the maximum compensation limit.

S.C. Code Ann. § 42-15-60(C)
 (Supp. 2011) (emphases added).  Furthermore, the Commission is authorized to
 determine whether "circumstances justify" the employee's refusal to
 submit to medical services directed by an employer.  S.C. Code Ann. §
 42-15-80(A) (Supp. 2011).
We find substantial evidence
 supports the circuit court's finding that Collins was not unreasonable in
 refusing to move into an assisted living facility.  Importantly, we note that
 Collins's physician repeatedly prescribed in-home services, and as the
 circuit court noted, no doctor recommended that Collins go into an assisted
 living facility.  To the contrary, Dr. Nolan specifically stated, on May 22, 2007 and July 20, 2007, that Bryant should continue providing services to
 Collins.  Substantial evidence supports the Commission's determination that Collins
 "did not unreasonably refuse medical treatment in not going into an
 assisted living facility home."  Accordingly, the circuit court properly
 upheld the Commission's determination that Collins's refusal to enter an
 assisted living facility was not unreasonable.
2.     Payment for In-home
 Services
Despite Dr. Nolan's May 25, 2006
 order for 24-hour, in-home services, Appellants provided no in-home
 assistance.  Instead, Collins's friend, Sharon Bryant, moved in with Collins
 and provided 24-hour assistance with driving, cooking, shopping, cleaning,
 bathing, lifting, taking medication, and dressing.  On May 22, 2007, Dr. Nolan wrote a letter summarizing
 Collins's medical status and reiterated the need for 24-hour, in-home
 assistance:

 Ms.
 Collins has a significant impairment of mobility and needs a wheelchair for
 ambulation.  She has problems with balance and experiences regular urinary
 incontinence.  She has a significant history of falls.  Ms. Collins is unable
 to perform her activities of daily living, and requires 24 hour assistance.
 Ms.
 Sharon Bryant has been assisting Ms. Collins and should continue to do so.  It
 is necessary that Ms. Collins have a caregiver at home in order to keep her
 from being situated in an assisted living facility.

On July 20, 2007, Dr. Nolan
 documented Collins's deteriorating condition and stated:

 Due to
 her profound physical limitations, Ms. Collins requires a motorized wheelchair
 for mobility.  . . .  Ms. Collins also requires home health care for assistance
 with her personal need[s] and activities of daily living.  Ms. Sharon Bryant
 has been providing this care for Ms. Collins and should continue to do so.

All of
 the above are medically necessary for Ms. Collins's long-term care.
At the hearing before the
 single Commissioner on April 7, 2008, Collins testified that since her spinal
 fusion surgery in December 2004, no oneother than Sharon Bryanthad provided
 any home care services.
On appeal, Carrier contends there
 was no evidence before the court regarding an appropriate rate of compensation
 for a home healthcare worker.  The record, however, includes evidence that an
 assisted living facility would cost $3,100 per month.  We find Carrier's
 argument to be without merit, and we affirm the circuit court's order requiring
 Appellants to compensate Bryant, at a rate of $400 per week, for providing
 24-hour, in-home care from May 25, 2006, the date Dr. Nolan first ordered such
 care, through June 4, 2008. 
CONCLUSION 
For the foregoing
 reasons, the circuit court's order is
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.